```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
    HORIZON PHARMA, INC. and HORIZON
 4  PHARMA USA, INC.,                    :   CIVIL ACTION
                                         :
 5          Plaintiffs,                  :
    v                                    :
 6                                       :
    PAR PHARMACEUTICAL COMPANIES, INC.,  :
 7  and PAR PHARMACEUTICAL, INC.,        :
                                         :   NO. 12-393-LPS
 8          Defendants.          - - -

 9                       Wilmington, Delaware
                       Wednesday, July 18, 2012
10                       Telephone Conference

11                              - - -

12  BEFORE:       HONORABLE LEONARD P. STARK, U.S.D.C.J.

13  APPEARANCES:                    - - -

14
              PHILLIPS, GOLDMAN & SPENCE, P.A.
15            BY:  JOHN C. PHILLIPS, JR., ESQ.

16                 and

17            LEYDIG, VOIT & MAYER
              BY:  CARYN C. BORG-BREEN, ESQ., and
18                 ROBERT F. GREEN, ESQ.
                   (Chicago, Illinois)
19
                   and
20
              GLOBAL PATENT GROUP, LLC
21            BY:  DENNIS A. BENNETT, ESQ.
                   (St. Louis, Missouri)
22
                         Counsel for Horizon Pharma, Inc.
23                       and Horizon Pharma USA, Inc.

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
```

```
 1    APPEARANCES:  (Continued)

 2
              RICHARDS, LAYTON & FINGER, P.A.
 3            BY:  STEVEN J. FINEMAN, ESQ.

 4                 and

 5            LATHAM & WATKINS, LLP
              BY:  DANIEL G. BROWN, ESQ., and
 6                 GINA R. GENCARELLI, ESQ.
                   (New York, New York)
 7
                        Counsel for Par Pharmaceutical Companies,
 8                      Inc., and Par Pharmaceutical, Inc.

 9

10

11

12                            - oOo -

13                     P R O C E E D I N G S

14            (REPORTER'S NOTE:  The following telephone

15    conference was held in chambers, beginning at 10:03 a.m.)

16            THE COURT:  Good morning, everybody.  This is

17    Judge Stark.  Who is there, please?

18            MR. PHILLIPS:  Good morning, Your Honor.  This

19    is Jack Phillips of Phillips Goldman & Spence on behalf of

20    Horizon Pharma.  With me on the line is Bob Green, Caryn

21    Borg-Breen of the Leydig, Voir & Mayer firm in Chicago.

22    Also on the line is Dennis Bennett for the Horizon Global

23    Patent Group.

24            THE COURT:  Okay.  Thank you.

25            MR. FINEMAN:  Good morning, Your Honor.  It's
```

1    Steve Fineman at Richards, Layton & Finger. On the phone

2    with me on behalf of Parr, I have Dan Brown and Gina

3    Gencarelli from Latham & Watkins.

4           THE COURT: Okay. Thank you.

5           I take it that is everybody then?

6           MR. PHILLIPS: Yes, it is, Your Honor.

7           THE COURT: Thank you. I have my court reporter

8    with me. For the record, it is our case of Horizon Pharma

9    Inc., et al versus Parr Pharmaceutical Companies, et al,

10    Civil Action No. 12-393-LPS.

11          We're here to talk about scheduling. I have

12    reviewed the proposed scheduling order and notice that there

13    are obviously some disputes primarily in terms of the dates;

14    and I wanted to give you each a chance to tell me why I

15    should adopt a schedule closer to the one you propose than

16    the one proposed by your friend on the other side. So let

17    me hear first from the plaintiff, please.

18          MS. BORG-BREEN: Good morning, Judge. This is

19    Caryn Borg-Breen from Leydig Voit & Mayer representing

20    Horizon Pharma.

21          Basically, the first key date I wanted to give

22    you was the expiration of the 30 month stay, which is

23    August 15th of 2014. And so what we sought to do was to put

24    together a schedule that would end with a trial date that

25    was sufficiently far enough in advance of the expiration of

1  the 30 month stay that would allow the parties to submit
2  post-trial briefing and allow Your Honor to review that
3  briefing and consider the issues and render a decision prior
4  to the expiration of the 30 month stay and then basically
5  work backward to set forth a schedule that we thought would
6  give both sides sufficient time to fully conduct fact
7  discovery and expert discovery.
8       And, you know, on behalf of Horizon, basically
9  to the extent Your Honor thinks more time is needed to
10 consider the issues after trial, we are amenable pushing up
11 that trial date a month or two, as the Court sees fit.
12      With respect to Parr's submission, we know that
13 they proposed an October of 2013 trial date, so that is some
14 ten months prior to the expiration of the 30 month stay; and
15 in order to arrive at sufficient an early trial date, they
16 have, in our view, significantly compressed certain portions
17 of the schedule, particularly the dates for Markman hearing
18 and expert reports and exchange of the pretrial order draft.
19 And we just basically don't think that that compression is
20 necessary or helpful.  We think it's going to be difficult
21 to stick to those dates and their proposed schedule wouldn't
22 include any additional time in the event something came up
23 that required some of the dates be reset and pushed back.  I
24 think in that situation, we would be very hard pressed on
25 both sides to get a case ready for trial in October of 2013.

```
 1                THE COURT:  Okay.  Thank you.  Let me hear from
 2   the defendants, please.
 3                MR. BROWN:  Your Honor, this is Dan Brown from
 4   Latham & Watkins for Parr.
 5                We proposed the schedule with the October trial
 6   date in recognition of a few factor we think lend to a
 7   shorter schedule in this case.  There is one patent at
 8   issue.  It has one independent claim.  And there is one,
 9   effectively one party on each side to this so we don't have
10   anything that would lead to complication.
11                The drug at issue is a combination product
12   involving active ingredients that are pretty common.  It's
13   famotidine, which is the active ingredient in the tested
14   over-the-counter products, combined with ibuprofen, which is
15   the active ingredient in Advil.  It's a relatively recently
16   introduced product.  It was launched last year, and we don't
17   think there is a substantial time line.  This isn't a drug
18   where you've got a new chemical entity kind of inventive
19   activity.  We think it is a relatively constrained amount of
20   documents and a relatively constrained amount of issues such
21   that we think the schedule, with the trial date next year in
22   October, is reasonable.
23                I think we also acted on whatever information
24   was available concerning the Court's trial schedule in which
25   there was I believe there were a couple of significant
```

1  trials on the Court's calender for the November/December
2  time frame, and so given that, that is why we selected the
3  October trial date.
4        THE COURT: Okay.  Thank you.
5        Ms. Borg-Breen, is there any response?
6        MS. BORG-BREEN: Yes, Your Honor.  I think we
7  disagree this is an unusually simple case.  I mean while
8  there may be only one patent, it's not the case that, you
9  know, it's just a simple party involved.  Horizon, at the
10 time, during the years of development of this product, was
11 essentially a virtual company, and so there are a number of
12 different entities and people that will need to be called
13 for fact depositions.  So I think the fact discovery portion
14 of this is going to be significant.  There is going to be a
15 significant number of documents produced.  And,
16       So with respect to the expert phase, there are
17 going to be the typical number of issues of infringement and
18 multiple bases for invalidity that Parr has advanced so I
19 think our position is we don't see this as anything other
20 than a very standard typical ANDA case, and we propose a
21 schedule that we think is a typical schedule.
22       THE COURT: Okay.  Thank you. Well, what I'm
23 going to do is give you a few fixed points and then direct
24 you all, and I do hereby direct you, to meet and confer in
25 light of the dates that I am going to give you and have you

1  agree on the other interim dates, which I don't think you
2  will have any problem doing once I give you, which I will in
3  a second, the trial date, the pretrial date and the Markman
4  date.
5              So the Markman hearing we're going to do in this
6  matter on April 16th, 2013, which is a date reasonably close
7  to the time frame the parties were considering and is a date
8  importantly that works on my calender.  And,
9              We're going to have pretrial conference
10 January 13th, 2014, beginning at 10:00 a.m.  And,
11             A five-day trial will be set to begin on
12 January 27th, 2014.
13             I have set these dates considering the parties
14 competing suggestions as to timing and also as to how simple
15 or complex this case may turn out to be, and also with
16 recognition, I want to give the parties hopefully such time
17 to hopefully brief and hopefully resolve the issues at trial
18 in advance of, if possible, the expiration of the 30 month
19 stay in August of 2014.
20             I am concerned that if the trial date were
21 pushed out to April of 2014 as the plaintiffs' request that
22 I would be unable to meet that date of August 2014 and,
23 alternatively, the October date is a bit aggressive for what
24 I understand to be the nature of the case and also is not
25 as good for my schedule, although I appreciate the parties

1  efforts to accommodate my schedule.  And,

2              I should just add, although this schedule I

3  think gives us a good chance of resolving your case with

4  an opinion prior to the expiration of 30 month stay, by

5  entering the schedule I'm certainly not in any way

6  guaranteeing that I will be able to do that.

7              So with all of that said, I direct the parties

8  to meet and confer and to submit to the Court on Friday of

9  this week a revised proposed joint scheduling order that

10  incorporates the dates I have given and incorporates all the

11  necessary interim dates that the parties wish to have in there.

12              Are there any questions about what I have ruled,

13  Ms. Borg-Breen?

14              MS. BORG-BREEN:  No, Your Honor.  Thank you very

15  much.

16              THE COURT:  Mr. Brown?

17              MR. BROWN:  Thank you, Your Honor.

18              THE COURT:  Okay.  Thank you.  We'll look for

19  your submission Friday.  Good-bye.

20              (Telephone conference at 10:12 a.m.)

21

22       I hereby certify the foregoing is a true and accurate
     transcript from my stenographic notes in the proceeding.
23

24                                /s/ Brian P. Gaffigan
                                  Official Court Reporter
25                                U.S. District Court