IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HORIZON PHARMA, INC. and HORIZON PHARMA USA, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> PAR PHARMACEUTICAL COMPANIES, INC. and PAR PHARMACEUTICAL, INC., <br><br> *Defendants.* | C.A. No. 12-393-LPS and <br> C.A. No. 13-102-LPS |

## AMENDED SCHEDULING ORDER

WHEREAS, the parties having agreed that C.A. Nos. 12-393-LPS and 13-102-LPS should be consolidated;

WHEREAS, the parties having agreed that the Scheduling Order in C.A. No. 12-393-LPS (D.I. 22), as amended (D.I. 49), should be modified to accommodate consolidation of the cases;

IT IS ORDERED that:

A.     C.A. Nos. 12-393-LPS and 13-102-LPS are consolidated.

B.     All further filings in C.A. Nos. 12-393-LPS and 13-102-LPS shall be made only in C.A. No. 12-393-LPS and shall be captioned in that case with the further notation "Consolidated" (the "Consolidated Action"); and

C.     The Scheduling Order in C.A. No. 12-393-LPS (D.I. 22) is amended as follows, and shall apply to the Consolidated Action:

1.     <u>Discovery.</u> Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.    <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before August 14, 2013.

    b.    <u>Requests for Admission.</u> A minimum of 100 requests for admission are permitted for each side, exclusive of requests for admission of authenticity.

    c.    <u>Interrogatories.</u>

        i.    A maximum of 50 interrogatories, including contention interrogatories, are permitted for each side.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    d.    <u>Depositions.</u>

        i.    <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 10 fact depositions, 7 hours each.

        ii.    <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court

for the purpose of this provision. The parties agree that the depositions of Plaintiffs or Plaintiffs' representatives shall take place at the offices of Leydig, Voit & Mayer, Ltd. in Chicago, Illinois, or at a location mutually agreed upon by all parties. The parties agree that depositions of Defendants or Defendants' representatives shall take place in Woodcliff Lake, New Jersey or at a location mutually agreed upon by all parties.

e. <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 4, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 8, 2013. Reply expert reports from the party with the initial burden of proof are due on or before December 6, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall be completed no later than January 24, 2014.

    ii. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than March 7, 2014, unless otherwise ordered by the Court.

   f. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

  If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  2. <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

3. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

4. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

5. <u>Tutorial Describing the Technology and Matters in Issue.</u> Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial of the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

6. <u>Claim Construction Issue Identification.</u> If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) on May 31, 2013. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on June 7, 2013. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should

include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7. Claim Construction Briefing. The parties shall contemporaneously submit initial briefs on claim construction issues on June 28, 2013. The parties' answering/responsive briefs shall be contemporaneously submitted on July 19, 2013. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

8. Hearing on Claim Construction. The Court will hear argument on claim construction on August 1, 2013 at 10:00 a.m. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

9. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

10. Pretrial Conference. On April 14, 2014, the Court will hold a pretrial conference in Court with counsel, beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which

accompanies this Scheduling Order on March 31, 2014. Plaintiffs shall provide Defendants with a draft of the Final Pretrial Order on March 7, 2014, and Defendants shall respond to Plaintiffs' draft on March 21, 2014. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

11. <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12. <u>Trial.</u> This matter is scheduled for a 7-day bench trial beginning [at 9 AM] on April 28, 2014. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
LEONARD P. STARK
UNITED STATES DISTRICT JUDGE